THE PEOPLE, *ex relatione* JAMES RISK, *v.* MARK W. FLETCHER, Clerk of the Kane Circuit Court.

In the receiving and filing the bond of a sheriff, and administering to him the oaths of office, a clerk of a Circuit Court acts ministerially, under the direction of the law, and not of the Court ; and these acts may be done as well out of court as in court.

The People *v.* Fletcher.

A sheriff elect has thirty days after notice by the clerk of the receipt of his com-
mission, within which to file his bond and take the oaths of office ; and this
time is allowed him whether a term of the Court intervenes or not.
When a judge of a Circuit Court has approved of the bond of a sheriff, his du-
ties cease, and he has no more control over it.
Where a sheriff elect, at the first term of the Circuit Court of his county, after
receiving notice of the receipt of his commission by the clerk, prepared his
bond, which was approved by the Court, but the sheriff did not appear in per-
son and offer the bond, or offer to take the oaths of office, either in court, or
before the clerk during the continuance of the term, but presented his bond to
the clerk, and offered to take the oaths of office, after the adjournment of Court,
but before the expiration of thirty days from the time he received notice of the
receipt of his commission, and the clerk then refused to receive the bond, and
administer to him the oaths of office, a writ of *mandamus* was awarded to com-
pel the clerk to receive the bond, and administer the oaths of office.

At the present term, Onslow Peters, an attorney of this Court,
filed the following petition :

" To the Honorable the Justices of the Supreme Court, at a
term thereof begun and holden at Springfield, on the second Monday
of December, in the year of our Lord eighteen hundred and forty.

" Respectfully represents unto your Honors, James Risk, of the
county of Kane, in the State of Illinois, that he was a candidate for
election to the office of sheriff of said county, at the general elec-
tion holden in and for said county, on the second day of August,
*Anno Domini* eighteen hundred and forty ; and that, at said election,
your petitioner received a majority of all the votes polled for sheriff
of said county ; your petitioner receiving six hundred and forty-
seven votes for said office, and Leonard Howard, the opposing can-
didate, receiving six hundred and twenty-three votes for said office,
as will more fully appear by the official certificate of the Secretary
of State of this State, hereunto annexed, and made part hereof,
marked (A.)

" And your petitioner further represents, that the proper certifi-
cates of your petitioner's election were duly made by the proper
officers of the said county of Kane, and forwarded to and received
in the office of the Secretary of State, on the fifteenth day of said
August ; and thereupon, on the same day, His Excellency, Thomas
Carlin, Governor of this State, issued a commission in due form of
law, under the Great Seal of State, duly commissioning your pe-
titioner as sheriff of said county of Kane ; which commission was
thereafterwards, on the same day, sent by mail to Mark W. Fletcher,
of Geneva, the county seat of said county of Kane ; said Fletcher
then and ever since being clerk of the Circuit Court in and for said
county. The fact of issuing and forwarding of said commission will
more fully appear by reference to the document hereinbefore refer-
red to, marked (A.)

" And your petitioner further shows, that the said commission
was duly received by the said Fletcher, clerk as aforesaid, on or
before the first day of September, A. D. 1840, and the said Fletch-
er, as clerk as aforesaid, on said first day of September, made out

and caused to be delivered to your petitioner, a notice in writing, notifying your petitioner, that the commission aforesaid was received by the said Fletcher, clerk as aforesaid, which written notice is hereunto annexed, and made part hereof, marked (B.)

"And your petitioner further represents, that a term of the Circuit was begun and holden at Geneva aforesaid, in and for the said county of Kane, on the        Monday of said September, which was within thirty days after the date and delivery of said notice, and which was the first term of the said Court in said county after the date and delivery of said notice. And your petitioner at said term presented to the Honorable Thomas Ford, Judge of the Ninth Judicial Circuit, and then the presiding judge of the Circuit Court in said county, in open court, a bond duly signed and sealed by your petitioner, and by good and sufficient sureties, in the penal sum, and upon the conditions required by law, of sheriffs elect to make and enter into, before taking the oaths and entering upon the performance of the duties of sheriffs in this State ; which bond was duly approved by said presiding judge, in open court, during the said term of the said Court, which will more fully appear by the said bond, and the certificate of the said judge thereto attached, and which is herewith exhibited, marked (C.)

"And your petitioner further represents, that afterwards, to wit, on the sixteenth day of September aforesaid, on the day of, but after, the adjournment of the Court, your petitioner called upon the said Mark W. Fletcher, clerk as aforesaid, at his office in said Geneva, and then and there tendered to him, the said Fletcher, clerk as aforesaid, the bond aforesaid, with the certificate of the said judge thereto appended, and then and there requested him, as such clerk, to administer to your petitioner the oaths of office, as such sheriff, as required by law in such cases ; and to receive such bond and file the same ; and to deliver to your petitioner the commission aforesaid. And on the nineteenth day of said September, your petitioner again called upon the said Fletcher, clerk as aforesaid, at the place aforesaid, and again tendered him the said bond ; requested him to receive and file the same, and administer the oaths of office to your petitioner, and deliver the commission aforesaid to your petitioner ; but the said Fletcher both on the said sixteenth and on the said nineteenth day of September, wholly refused to receive and file the said bond, to administer the said oaths of office, or deliver to your petitioner the commission aforesaid. — By reason of all which your petitioner is prevented from entering upon the performance of the duties of sheriff of said county, and is kept out of said office, to which he is justly and legally entitled.

"Wherefore your petitioner prays your Honors to grant a writ of *mandamus* under the seal of this Court, directed to the said Mark W. Fletcher, clerk as aforesaid, commanding him forthwith to receive and file the said bond in his office, to administer to your pe-

titioner the oaths of office, in such cases required by law, to deliver to your petitioner the commission aforesaid, and to do and perform all such acts and things in the premises as the law requires, and for such other and further relief as to your Honors may seem meet, and to justice and right may appertain. — And as in duty bound will ever pray, &c. JAMES RISK,

"By his Att'y, ONSLOW PETERS."

At the same time the following stipulation was filed by the counsel for the respective parties :

"Supreme Court, December Term, 1840.

"The People, *ex relatione* James Risk, *v.* Mark W. Fletcher.

"In the above entitled cause the parties agree that the facts stated in the foregoing petition are correctly stated, and that the facts set forth in the petition and the memorandum thereto annexed, signed by the counsel of both parties, shall be considered by the Court the same as if they were returned by the said Fletcher to an alternative *mandamus*.

"It is admitted that the said Risk did not appear, in person in court, and offer said bond, nor did he appear in court and offer, to take the oaths of office, in court, or before the clerk, in court, at said term, or before the clerk, out of court, during the continuance of said term.

"And it is further agreed, that the Court, on the hearing of the petition, shall make a final order, or grant a peremptory *mandamus*, if the case requires it, in the same manner as if an alternative writ of *mandamus* had issued, and return thereto had been duly made by the said defendant, embodying those facts.

"ONSLOW PETERS, *Att'y for the relator.*

"M. McCONNEL, *Att'y for the respondent.*"

[The exhibits, mentioned in the petition, are omitted by the Reporter.]

ONSLOW PETERS, for the relator, contended :

1. The clerk is a ministerial officer, and the duty required of him is merely ministerial, in administering the oaths to the sheriff elect. The consequences would be disastrous, indeed, if the clerk through ignorance, malice, hatred, or bribery, could constitute himself a judge, and determine for himself whether he will perform his duty ; and whether the sheriff elect is entitled to the office.

2. The statute is directory, and is to be liberally construed ; and the law, especially in elective offices, will not, without extreme necessity, be so construed as to defeat the expressed will of the people.

3. Risk had the full thirty days after the notice from the clerk, to file his bond, and take the oaths of office. The only act he is required to do in less than thirty days is, to have his bond approved, if there shall be a term of the Court within that time.

The approval of the bond by the judge, is a necessary prelimi-
nary to the giving it.

It cannot take effect, till it is delivered to the clerk, and this de-
livery must be by the sheriff elect himself, or by some person by
him duly authorized, so as to make it his act.

The judge surely is not the agent, and has no authority to do but
one act, viz. approve the bond ; this being done, his functions cease,
and this act of the judge is ministerial.

The act of delivery must be subsequent, and it must be the act
of the party to be bound by the bond; a delivery is as necessary
in this as any other case of a deed.

No forfeiture can attach till the expiration of thirty days.  By
§ 4, it is provided, that if such sheriff shall neglect or refuse to
enter into bond, and to take the oaths within the time above speci-
fied, &c. (the only time " above specified " is thirty days from the
notice of the clerk,) then the clerk shall notify the governor.  He
thus again acts ministerially.

4.  No act is required to be done in court, except to approve the
bond, and this may be done by the judge in term time, out of court.

By § 2, it is clear that the clerk, as clerk, and without any su-
pervision of the Court, is to administer the oaths, certify them, &c.
The bond is to be filed, and recorded by the clerk.  By this statute,
this duty of the clerk to administer the oaths, &c. is as clearly min-
isterial as it is to issue writs, on the proper application of the party,
or any other of his mere ministerial duties.

M. McConnel, for the respondent, referred to Apthorp v. North
et al., 14 Mass. 167, as decisive of the question that the act is to be
done in open court, and record made of the approval.

The clerk can make no record, except in term time, and all
records are presumed to be made under the direction of the Court.
The judge must approve of the bond as a court, and the approval
is a nullity unless made in term time.

Peters, in reply, referred to Mass. Stat. of 1794, c. 53, § 1.
The case of Apthorp v. North has no bearing on this case.  The
Massachusetts act, under which this decision was made, is entirely
different from our statute.  By the Mass. act, the Court is annually
to enquire into the sufficiency of the sureties in the sheriffs' bond,
to see that they remain sufficient ; and the Court is to make a record
of the fact, if found insufficient, otherwise no record is made.
Their statute, too, requires it to be done in court, in term time.
The office of sheriff in that State is holden during the pleasure of
the Governor.

Smith, Justice, delivered the opinion of the Court:

This is a petition for a writ of mandamus to the clerk of
the Circuit Court of Kane county, to compel him to admin-
ister the oaths of office to the relator, as sheriff of that county,
to receive and file his official bond, and deliver to him his commis-

The People *v.* Fletcher.

sion, which, it is admitted, he has in his possession. By an agreement appended to the petition, the parties admit that the facts stated in the petition are truly and correctly stated, and that these facts are to be treated by the Court as if they had been contained in the return of the respondent to an alternative writ of *mandamus.* (Justice Smith here recited the facts as set forth in the petition.)

On this state of the case, the first enquiry is, what was the duty of the clerk of the Circuit Court? We are of the opinion that the filing of the bond of the sheriff, and administering the oaths of office, is merely a ministerial duty. The clerk has no right to take upon himself to judge as to the qualifications of the sheriff, or to determine what will be the effect of his performing his duty. He must perform what the statute has required of him, without regard to the consequences. If there is any controversy about the title to the office, it cannot be enquired into collaterally. A proper proceeding for the purpose, is by writ of *quo warranto.*

But the enquiry arises what was the duty of the judge of the Circuit Court, and in what light is his act approving the bond to be considered? We are disposed to think that this too is a ministerial act. He is to enquire into the sufficiency of the surities, and then to certify it on the bond. This service is certainly personal, and it may be partly judicial, and partly ministerial. But we are satisfied, that when he has approved of the bond, his duties cease, and he has no more control over it. It is then perfected, so that the sheriff can at any time thereafter, within the time limited by law, file the bond and qualify himself to enter upon the duties of his office.

By the second section of the act (1) concerning sheriffs and coroners, the sheriff elect is required within thirty days after receiving the notice from the clerk, to enter into bond to the people of the State, to be approved by the judge of the Circuit Court of his county, at the term next after the date of such bond ; and at the time of giving the bond, he is required to take and subscribe before the clerk of the Circuit Court, the oaths required by law. The act contains this proviso, that if no Circuit Court shall be holden within thirty days after the notice of the commission is received, as provided in the first section, the clerk may approve the bond, which shall be good and valid until the end of the next term of the Circuit Court. We think it clear, that, in the performance of all these acts, the clerk acts merely ministerially, and is not acting under the control or direction of the Court; and that the giving of the bond is the act of delivery by the sheriff himself, or by some one duly authorized to act in his behalf; and that the bond has no effect till thus delivered to the clerk, to be by him filed and recorded.

And this construction is fortified by reference to the third section of the act. This section directs that the oaths taken and bond given,

(1) R. L. 573 ; Gale's Stat. 652, 653.

as required by the second section, shall be filed and recorded by the clerk of the Circuit Court; and the taking of the oaths shall be certified by him on the back of the commission. The only reasonable construction to be given to this language is, that all these acts, thus required of the clerk, are to be performed by him as clerk, acting ministerially, under the direction of the law, and not under the direction of the Court; and they may be done as well out of court, as in court.

Another question presented for our consideration is, whether the sheriff elect, the r. lator in this case, had the full thirty days after notice by the clerk of the receipt of his commission, within which to qualify himself, by filing his bond and taking the oaths required by law.

On looking into the 4th section of the same act, we find a provision, that if the sheriff shall neglect or refuse to enter into bond, and "take the oaths above required, within the time above specified, the office shall be deemed vacant." These words, "the time above specified," can refer only to the thirty days mentioned in the second section, within which the bond is to be given, and the oaths taken; and, until the expiration of that time, the office does not become vacant. We think the thirty days are to be computed from the time of the notice given by the clerk, and this time is allowed him whether a term of the Court intervenes or not.

We are therefore of opinion, that a peremptory writ of *mandamus* issue, directed to the respondent, requiring him to receive, file, and record the bond of the relator, and administer to him the oaths of office, and deliver to him his commission, and to do all things in the premises, which the law and justice require.

*Peremptory writ of mandamus awarded.*